PETROPLUS, JUDGE:
This claim arises for the theft of certain tools, dies, ladders, and other equipment which were taken from Claimant’s truck, parked on his property north of the village of Neola, Greenbrier County, West Virginia, on May 10, 1972. The Claimant is a small contractor who used said equipment to earn his livelihood. The persons suspected of the theft were two juveniles, aged 16 and 20 years, who escaped from the Anthony Correctional Center at Neola about two hours before the theft was discovered. The truck cab had been locked but in some manner the thieves broke into the truck and drove it to Huntington, West Virginia, where it was recovered by the city police about three weeks later, where it had been parked in a garage and the truck was apparently undamaged. The equipment and other personal property therein was missing, and an itemized list was submitted at the hearing showing the value of the stolen property to be in the amount of $899.63. The circumstantial evidence points very strongly to the escaped inmates.
Lack of proper supervision of the Correctional Center or negligence by the agents of the State is the basis of liability. The Respondent denies negligence on the part of the employees of the State, and in the alternative states that even if the State were negligent in its supervision-of the Correctional Center, such negligence was not the proximate cause of the Claimant’s alleged damages.
The evidence at the hearing established the following facts:
The Claimant’s home is about two miles from the Anthony Correctional Center and the tools were in a locked wooden tool box on *260 an open bed pickup track. The track was started by manipulating the wires in the engine and the theft was attributed to the male juveniles entirely through hearsay evidence and suspicion.
No evidence was submitted as to any specific act of negligence on the part of the guards for the Center and the position of Claimant’s counsel seems to be that inasmuch as the State assumes the responsibility of reorienting and rehabilitating the juveniles, it should be held responsible for their depredations. The Correctional Center is not a maximum security prison but constitutes a facility for the handling of youthful offenders as a processing center to determine their capabilities, interest, and responsiveness to control and responsibility. It is the public policy of this State that delinquents be first given an opportunity to reestablish their ability to live peaceably in our society through a humane and efficient program under the supervision of the Commissioner of Public Institutions. The juveniles are classified through a reception and examination procedure and are under supervision rather than confinement. The program is one of training and care of children rather than incarceration.
The testimony, of a Mr. Freeman, who is the Superintendent of the Anthony Correctional Center in Neola, described the institution as a pre-release center for juveniles who are assigned there from the Boys’ Industrial School in Prantytown. After the boys have served in Prantytown they are sent to the Center for screening and to work on a program with the United States Forest Service. The windows of the buildings at the Center have no bars and the doors are not locked. Ordinarily two or three correctional officers are on the premises and the boys are free to go out on their own and engage in any worthwhile employment. They leave in the morning and return at night, with little or no supervision. The purpose is to give them vocational training and after they have acquired some skills and established good work habits, they are released. Mr. Freeman’s testimony further developed that the State Police and the Sheriff’s office were notified and someone was sent out in pursuit of the boys about fifteen minutes after their “escape”. The boys were captured about a month later in Huntington and transferred back to Prantytown.
It is the finding of the Court that the correctional procedures of the State cannot be questioned by the public in this Court when they are established by a legislative policy of care, training, and reformation. The juveniles are not agents of the State Agency and any damages *261 that they might inflict on property owners who live in the vicinity of a correctional center are not compensable by the State, unless the State or its agents have breached some legal duty to the inhabitants of the area where the Center is located. The evidence in this case does not establish the breach of any such duty or support any finding of negligence on the part of the institution.
In accordance with the foregoing opinion, no award will be made in this case. To do so would make the State an insurer of the conduct of these juveniles at the Center.
Claim disallowed.